EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* JUAN ANDRÉS LLORENS, acusado y apelante.

No. 3127.—*Visto:* Marzo 30, 1927. *Resuelto:* Abril 25, 1927.

1. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—EVIDENCIA—SU SUFICIENCIA—PRUEBA DE LA PORTACIÓN DEL ARMA.—Probado que una persona, al llegar a un sitio en que luego saca un arma prohibida, iba por un camino vecinal, hay que concluir que portaba tal arma cuando iba por el camino.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES A REVISAR—CONSTANCIAS QUE NO APARECEN DEL RÉCORD EN GENERAL.—Si un delito menor está comprendido en otro mayor por el cual fué acusado y absuelto el acusado, es cuestión que no puede considerarse cuando en los autos no existe constancia alguna de tal acusación y absolución.

3. DERECHO PENAL—"FORMER JEOPARDY"—NECESIDAD DE QUE LOS DELITOS SEAN IDÉNTICOS—DELITOS VARIOS, PARTE DE LA MISMA TRANSACCIÓN—ASESINATO Y OTROS DELITOS.—El delito de portar armas prohibidas no está comprendido *(merged)* en el delito mayor de asesinato.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES DISCRECIONALES—EN GENERAL—NEGATIVA A SUSPENDER LA SENTENCIA.—Si una corte ha hecho o no mal uso de su discreción al no suspender la ejecución de su sentencia, es cuestión que no puede resolverse cuando de los autos no aparece constancia alguna respecto a la edad del acusado y a su no convicción anterior de delito alguno.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por delito de Portar Armas. *Confirmada.*

*Nazario & García Méndez,* abogados del apelante: *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Al terminarse el juicio en este caso la Corte de Distrito de Mayagüez declaró que la prueba justificaba que el acusado portaba un cuchillo, que es un arma prohibida, en un camino público, un camino vecinal, y dictó sentencia condenatoria, contra la cual el acusado ha interpuesto esta apelación alegando como primer motivo de su recurso que la corte inferior

cometió manifiesto error en la apreciación de la prueba y al condenarle por ella.

Entre el apelante Juan Andrés Llorens y Enrique Quiñones existían diferencias por una colindancia de sus respectivas fincas y estando un agrimensor haciendo la mensura de ellas llegó a aquel sitio el apelante, y habiendo surgido una discusión entre ellos con respecto a uno de los puntos de las fincas, Llorens sacó de su persona un cuchillo de más de nueve pulgadas de largo.

El alegato del apelante tiende principalmente a demostrar que Llorens estaba en terreno de su finca cuando sacó el arma e hizo uso de ella y que por eso no debió ser condenado, con lo que parece estuvo conforme la corte inferior, pues no lo condenó por portar un arma prohibida en aquel sitio, sino por portarla en un camino público.

[1] De la prueba resulta que Llorens llegó al sitio de la colindancia en discusión por un camino público pues así lo declaran los testigos del fiscal y hasta el propio apelante, quien declarando en el juicio, dijo que iba por el camino que va del barrio del Rosario a San Germán, a la salida de su casa; y habiéndose probado que al llegar el apelante al sitio en que luego sacó un arma prohibida iba por un camino vecinal hay que llegar a la conclusión de que portaba el arma cuando iba por el camino y por tanto que la corte no cometió el error que se le atribuye.

[2] El segundo motivo del recurso es que la corte inferior debió declarar comprendido (merged) el delito de portar arma prohibida en el del delito mayor de asesinato por el cual fué acusado y absuelto el ahora apelante, pero en estos autos no existe constancia alguna de tal acusación y absolución por lo que no estamos en condiciones de considerar tal cuestión, aparte que ya ha sido resuelta en contra de la contensión del apelante en el caso de Ex parte Torres, 11 D.P.R. 101.

[3] En igual condiciones se halla el tercero y último

motivo del·recurso en el que se alega que la corte inferior hizo mal uso de su facultad discrecional al no suspender·la ejecución de su sentencia de acuerdo con la Ley No. 19 de 1914, pág. 157, por tratarse de un delito menos grave, tener el apelante más de sesenta años de edad y no haber sido convicto anteriormente de delito alguno, porque si bien esas manifestaciones las hizo el abogado del apelante a la corte inferior nada encontramos en estos autos que comprueben· tales afirmaciones, aparte de que siendo discrecional esa facultad conferida· por la ley no se ha demostrado que hiciera un mal uso de ella.

*Confirmada.*